UNITED STATES OF AMERICA

IN THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America,<br>　　Plaintiff, | File No. 1:18-cr-166 |
| v. | Hon. Paul L. Maloney<br>U.S. District Court Judge |
| Daniel Dario Trevino (D-1)<br>　　Defendant. | |

| | |
|---|---|
| Joel S. Fauson | J. Nicholas Bostic P40653 |
| Assistant United States Attorney | Attorney for Defendant |
| P.O. Box 208 | 909 N. Washington Ave. |
| Grand Rapids, MI 49501-0208 | Lansing, MI 48906 |
| 616-456-2404 | 517-706-0132 |

# MOTION TO QUASH THE INDICTMENT DUE TO FEDERAL FUNDING PROHIBITIONS

Oral Argument Requested

Certificate of Service

　　Defendant, for his motion, states:

　　1. Federal budgetary appropriations acts since 2014 have stated " "[n]one of the funds made available in this Act to the Department of Justice may be used, with respect to ... California ... to prevent [it] from implementing [its] own laws that authorize the use, distribution, possession, or cultivation of medical marijuana." Consolidated Appropriations Act of 2017 § 537, Pub. L. 115-31, 131 Stat 135.

　　2. While the conspiracy count reaches beyond 2014, active federal agent involvement does not appear apparent prior to 2014.

　　3. Any involvement by federal agents prior to that time appears to be passive and in the capacity as observers only.

i

4. Notwithstanding conduct prior to 2014, the primary federal activity occurred in the first week of May 2016.

5. It is appropriate to require the government to first establish that Mr. Trevino was not within the requirements of Michigan's Medical Marihuana Act so the jurisdiction of the Drug Enforcement Administration and the Department of Justice to proceed is valid.

6. The attached brief is incorporated herein by reference.

WHEREFORE, Defendant Trevino respectfully requests this Honorable Court order that the Indictment be quashed unless and until the government establishes the authority of the Drug Enforcement Administration and the Department of Justice to expend federal funds on this matter.

| | |
|---|---|
| 10/15/2018 | */s/ J. Nicholas Bostic* |
| Date | J. Nicholas Bostic P40653 |
| | Attorney for Defendant Trevino |

UNITED STATES OF AMERICA

IN THE WESTERN DISTRICT OF MICHIGAN

United States of America,  
    Plaintiff,

    v.

Daniel Dario Trevino (D-1)  
    Defendant.

File No. 1:18-cr-166

Hon. Paul L. Maloney  
U.S. District Court Judge

_____/

### DEFENDANT DANIEL TREVINO'S (D-1) MOTION QUASH THE INDICTMENT DUE TO FEDERAL FUNDING PROHIBITIONS

### TABLE OF CONTENTS

Table of Authorities ................................................................................................ iv

Statement of Questions Presented ......................................................................... vi

Statement of Facts .................................................................................................... 1

Argument .................................................................................................................. 1

I.  The indictment should be quashed pursuant to the appropriations clause ............................ 1

Relief Requested ....................................................................................................... 6

Certificate of service ................................................................................................. 6

Index of Attachments ............................................................................................... 7

## TABLE OF AUTHORITIES

Constitutional Provisions

U.S. Const. art. I, § 9, cl. 7................................................................................................2, 3

Supreme Court of the United States

*Bond v. United States*, 564 U.S. 211, 131 S.Ct. 2355, 180 L.Ed.2d 269 (2011) .......................3

*Hampton & Co. v. United States*, 276 U.S. 394, 48 S.Ct. 348, 351, 72 L.Ed. 624 (1928)........5

*Hollingsworth v. Perry*, 570 U.S. 693, 133 S.Ct. 2652, 186 L.Ed.2d 768 (2013) .....................3

*Lexmark Int'l, Inc. v. Static Control Components, Inc*., 572 U.S. 118, 134 S.Ct. 1377,
    188 L.Ed.2d 392 (2014)........................................................................................................3

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).........5

*NLRB v. Noel Canning*, ––U.S. ––––, 134 S.Ct. 2550, 189 L.Ed.2d 538 (2014) ...................3

*Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 110 S.Ct. 2465,
    110 L.Ed.2d 387 (1990)........................................................................................................3

*Stark v. Wickard*, 321 U.S. 288, 309, 64 S.Ct. 559, 570, 88 L.Ed. 733 (1944) ........................5

Other Courts

*United States v. Bally*, No. 17-20135, 2017 WL 5625896 (E.D. Mich. Nov. 22, 2017)

*United States v. Lynch*, 903 F.3d 1061 (9th Cir. 2018) ............................................................4

*United States v. Ragland*, No. 15-CR-20800, 2017 WL 2728796
(E.D. Mich. June 26, 2017).........................................................................................................4

*United States v. Samp*, No. 16-CR-20263, 2017 WL 1164453
(E.D. Mich. Mar. 29, 2017) .........................................................................................................4

*United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016)..............................................2, 3, 4

*United States v. Pisarski*, 274 F.Supp.3d 1032 (N.D. Cal. 2017) .............................................2

Statutes

Public Law 113-235 (Dec. 16, 2014), Consolidated and Further Continuing
Appropriations Act, 2015, §538.............................................................................................1, 2

Public Law 114-113 (Dec. 18, 2015), Consolidated Appropriations Act, 2016, §542...........1, 2

Public Law 115-31 (May 5, 2017), Consolidated Appropriations Act, 2017, §537.............. 1, 2

Public Law 115-141 (March 23, 2018),  Consolidated Appropriations Act, 2018, §538.......1, 2

## STATEMENT OF QUESTIONS PRESENTED

I.       THE UNITED STATES CONSTITUTION PROHIBITS FEDERAL SPENDING UNLESS AUTHORIZED BY A STATUTE. WHERE THE DRUG ENFORCEMENT ADMINISTRATION ENGAGED IN ENFORCEMENT ACTIVITIES IN VIOLATION OF A FUNDING RESTRICTION AS TO MEDICAL MARIHUANA, THE COURT SHOULD QUASH THE INDICTMENT OR PROVIDE AN APPROPRIATE REMEDY TO DETER FUTURE GOVERNMENTAL VIOLATIONS OF THE CONSTITUTION.

FACTS

Count 1 of the indictment covers 2010 through May 2016. Count 2 alleges an offense on October 30, 2013. Counts 3 and 4 allege an offense on May 21, 2014. Counts 5, 6, 7, and 8 allege an offense on May 3, 2016. Indictment, R. 1, PageID##1-9.

Federal budgeting and its nuances are beyond the scope of this motion and "fiscal year" appropriations in an "annual budget" are difficult to find.[1]

Since December 16, 2014, the following appropriations bills have contained a ban on use of agency funding to interfere with the ability of the states to implement their medical marihuana laws:

- Public Law 113-235 – enacted Dec. 16, 2014, Consolidated and Further Continuing Appropriations Act, 2015, Section 538.

- Public Law 114-113 – enacted Dec. 18, 2015, Consolidated Appropriations Act, 2016, Section 542.

- Public Law 115-31 -enacted May 5, 2017, Consolidated Appropriations Act, 2017, §537 (Division B, Title II) and made appropriations for the fiscal year ending September 30, 2017.

- Public Law 115-141 – enacted March 23, 2018, Consolidated Appropriations Act, 2018. Section 538.

Each of these sections states:

None of the funds made available in this Act to the Department of Justice may be used, with respect to any of the States of Alabama, Alaska, Arkansas, Arizona, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Iowa, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan,

---

[1] See Policy Basics: Introduction to the Federal Budget Process, Center for Budget and Policy Priorities, https://www.cbpp.org/research/policy-basics-introduction-to-the-federal-budget-process. Accessed on October 13, 2018.

1

Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming, or with respect to the District of Columbia, Guam, or Puerto Rico, to prevent any of them from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

The most recent appropriations bill addressed funding through September 30, 2018.

## LAW/ARGUMENT

I.  THE UNITED STATES CONSTITUTION PROHIBITS FEDERAL SPENDING UNLESS AUTHORIZED BY A STATUTE. WHERE THE DRUG ENFORCEMENT ADMINISTRATION ENGAGED IN ENFORCEMENT ACTIVITIES IN VIOLATION OF A FUNDING RESTRICTION AS TO MEDICAL MARIHUANA, THE COURT SHOULD QUASH THE INDICTMENT OR PROVIDE AN APPROPRIATE REMEDY TO DETER FUTURE GOVERNMENTAL VIOLATIONS OF THE CONSTITUTION.

A.   Right to a hearing.

In *United States v. Pisarski*, 274 F.Supp.3d 1032 (N.D. Cal. 2017), the District Court entered an order staying the criminal case based on the Consolidated Appropriations Act of 2017.[2] Most District Courts (in California at least) were staying sentencing pending guidance from the Ninth Circuit. Id., at 1035.

That guidance came in *United States v. McIntosh*, 833 F.3d 1163, 1172–73 (9th Cir. 2016) which actually included ten consolidated cases. The first issue McIntosh addressed was the nature of the motion. This was necessary because final judgments had not entered or some of the defendants had actually moved for an injunction. Consistent with that holding, Mr. Trevino seeks a stay of proceedings or in the alternative that the indictment be quashed. *Id.*, 1172. It appears that the rider expired with the end of the fiscal year on September 30, 2018 but additional research is needed to determine if it automatically rides along with other spending authorizations.

---

[2] An appeal was filed on October 6, 3027 to the Ninth Circuit.

With or without its continued validity, Mr. Trevino sets forth reasoning below as to why quashing the indictment is appropriate.

McIntosh then analyzed United States Supreme Court precedent and determined that an individual defendant has standing to challenge the prosecution in a case such as this. It was recognized that where a case or controversy threatens individual liberty, Article III standing exists. Id., at 1173, citing **Hollingsworth v. Perry**, 570 U.S. 693, 133 S.Ct. 2652, 2661, 186 L.Ed.2d 768 (2013); **Lexmark Int'l, Inc. v. Static Control Components, Inc**., 572 U.S. 118, 134 S.Ct. 1377, 1386, 188 L.Ed.2d 392 (2014) and **Bond v. United States**, 564 U.S. 211, 131 S.Ct. 2355, 180 L.Ed.2d 269 (2011). See also, **NLRB v. Noel Canning**, ––U.S. ––, 134 S.Ct. 2550, 189 L.Ed.2d 538 (2014) (private party could challenge authority of NLRB members to sit who were appointed in excess of presidential authority).

*McIntosh* then went on to find that the restriction the defendants were seeking to impose was constitutionally based in the Appropriations Clause of the United States Constitution. U.S. Const. art. I, § 9, cl. 7 ("No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law ...."). Any money paid out must be authorized by a statute. **Office of Pers. Mgmt. v. Richmond**, 496 U.S. 414, 424, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990).

*McIntosh* then rejected the Department of Justice's claim that it only prevented action against the states. Ultimately, however, *McIntosh* held that the individuals must be engaged in conduct permitted by the state laws and must fully comply with those laws. *McIntosh*, at 1176-1177. Most importantly, *McIntosh* recognized that the medical marihuana laws of the states were in flux. *Id.,* 1178. The cases were remanded to the district courts to determine in the first instance to determine compliance and what remedy to apply.

3

In *United States v. Lynch*, 903 F.3d 1061 (9th Cir. 2018), the Ninth Circuit remanded a case to the district court for a hearing pursuant to *McIntosh* even though there was no guarantee that the rider would continue to exist.

In *United States v. Samp*, No. 16-CR-20263, 2017 WL 1164453 at *1 (E.D. Mich. Mar. 29, 2017), the Hon. Thomas L. Ludington granted a hearing to determine if the defendant was in compliance based on *McIntosh*. He ultimately denied the motion for injunction. See also *United States v. Bally*, No. 17-20135, 2017 WL 5625896 (E.D. Mich. Nov. 22, 2017) (hearing granted) and *United States v. Ragland*, No. 15-CR-20800, 2017 WL 2728796 at *1 (E.D. Mich. June 26, 2017) (hearing granted, the defendant did not prevail).[3]

Mr. Trevino was not only a medical marihuana patient himself, but the evidence will establish that Hyrdroworld was set up and designed to comply with the affirmative defense of Section 8 in the Michigan Medical Marihuana Act. If allowed to have a hearing, he will be able to establish that the DOJ is violated the appropriations clause from 2014 through at least September 30, 2018.

B.      Remedy.

If indeed no continuing resolution exists for the DOJ, then the prosecution should stop under its own weight. If no rider restricting the use of the funds also continues, then the Court will have to apply a remedy retroactively. The existing cases all assumed that the burden of proof was on the person seeking to challenge the prosecution. Mr. Trevino asserts that this Court should depart from that approach and require the government to show that he was non-compliant with the state laws. Mr. Trevino asserts that this approach is appropriate because it essentially challenges the jurisdiction of the government actors to act. While the Court clearly has judicial

---

[3] *Bally* is at Attachment 2 and *Ragland* is at Attachment 3.

4

jurisdiction over the case, that does not necessarily mean that the bringing of charges was within the scope of authority of the executive branch at the time.

When any branch acts, it is presumptively exercising the power the Constitution has delegated to it. See *Hampton & Co. v. United States*, 276 U.S. 394, 406, 48 S.Ct. 348, 351, 72 L.Ed. 624 (1928). The power of a federal agency is circumscribed by the authority granted by Congress. *Stark v. Wickard*, 321 U.S. 288, 309, 64 S.Ct. 559, 570, 88 L.Ed. 733 (1944). By placing the burden on a defendant, the normal burden of an agency to establish its jurisdiction to act is improperly reversed. The party invoking federal jurisdiction bears the burden of establishing the elements of its claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

All of the federal cases are relative recent and coincide with the recent development of state medical marihuana laws. Mr. Trevino has not located any authority to provide guidance on whether retroactive remedies are appropriate or authorized. The cases cited herein all rest on equitable principles to stay or enjoin the violation of the appropriations clause. Again assuming that there is no restriction on funding, then a citizen who has been victimized by rogue government conduct is left without a remedy for the constitutional violation. Accordingly, Mr. Trevino asserts that the appropriate remedy is to quash the indictment to deter future governmental conduct that violates the constitution. Significant federal law enforcement action occurred during the time these restrictions were in effect.

RELIEF REQUESTED

WHEREFORE, Defendant Trevino respectfully requests this Honorable Court order that the Indictment be quashed unless and until the government establishes the authority of the Drug Enforcement Administration and the Department of Justice to expend federal funds on this matter.

10/15/2018  /s/ J. Nicholas Bostic
Date  J. Nicholas Bostic P40653
Attorney for Defendant Trevino

**CERTIFICATE OF SERVICE**

J. Nicholas Bostic certifies and says that on the 15th day of October, 2018, he served Defendant Trevino's (D-1) Motion to Quash the Indictment on Joel Fauson, Attorney for Plaintiff and counsel for all co-Defendants by using the Court's electronic filing system which will automatically send notice to all counsel of record. I declare that the above statement is true to the best of my information, knowledge and belief.

10/15/2018  /s/ J. Nicholas Bostic
 J. Nicholas Bostic   P40653
 Attorney for Defendant Trevino

INDEX OF ATTACHMENTS

1. Unpublished Eastern District Case, *United States v. Samp*, E.D. #16-cr-20263 (March 29, 2017).

2. Unpublished Eastern District Case, *United States v. Bally*, E.D. #17-cr-20135 (Nov. 22, 2017).

3. Unpublished Eastern District Case, *United States v. Ragland*, E.D. #15-cr-20800 (June 26, 2017)