UNITED STATES OF AMERICA

IN THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America,<br>    Plaintiff, | File No. 1:18-cr-166 |
| v. | Hon. Paul L. Maloney<br>U.S. District Court Judge |
| Daniel Dario Trevino (D-1)<br>    Defendant. | |

| | |
|---|---|
| Joel S. Fauson | J. Nicholas Bostic P40653 |
| Assistant United States Attorney | Attorney for Defendant |
| P.O. Box 208 | 909 N. Washington Ave. |
| Grand Rapids, MI 49501-0208 | Lansing, MI 48906 |
| 616-456-2404 | 517-706-0132 |

### DEFENDANT DANIEL TREVINO'S (D-1) RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE REGARDING MEDICAL MARIHUANA [R. 64, 65]

Oral Argument Requested

Certificate of Service

    Defendant Trevino, for his opposition, states:

1. The government's assertions that testimony, evidence and arguments relating to issues of medical use, medical purposes and compliance with state would be irrelevant and immaterial are belied by the content of the plea agreement with Delores Lopez (D-2) which contains five paragraphs asserting conclusions of Ms. Lopez as to the purpose and legality (under state law) of Hydroworld activities. Plea Agreement, R. 54, ¶5.a., c., d., e., and f.

2. The government's assertions are also belied by the fact that the government steadfastly opposed the return of patient files and records to Mr. Trevino and/or Hydroworld through its oppositions to pre-indictment motions to retain property under Fed.R.Crim.P. 41 in this Court and continues to refuse to return those documents.

3. The government's assertions are also belied by the fact that the Assistant U.S. Attorney on this case has asked the Assistant Attorney General in a state property return case in Jackson, Michigan to resist and oppose Mr. Trevino's motions under state law to recover property – including medical marihuana records – that were seized over five years ago by a state drug team.

4. If the government's assertions were true, then the federal government would have no interest whatsoever in state medical marihuana records.

5. The jurors should be entitled to know that for at least two years, the DEA and the Department of Justice have expended taxpayers funds in direct contravention of a limitation imposed by the citizen's representatives. See Motion to Quash, R. 69 and arguments therein.

6. The attached brief is incorporated herein by reference.

WHEREFORE, Defendant Trevino respectfully requests this Honorable Court deny the government's motion in limine [R. 64, 65].

| | |
|---|---|
| <u>10/22/2018</u><br>Date | <u>/s/ J. Nicholas Bostic</u><br>J. Nicholas Bostic P40653<br>Attorney for Defendant Trevino |

UNITED STATES OF AMERICA

IN THE WESTERN DISTRICT OF MICHIGAN

United States of America,  
    Plaintiff,

File No. 1:18-cr-166

v.

Hon. Paul L. Maloney  
U.S. District Court Judge

Daniel Dario Trevino (D-1)  
    Defendant.

_____/

**BRIEF IN SUPPORT OF DEFENDANT DANIEL TREVINO'S (D-1) RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE REGARDING MEDICAL MARIHUANA [R. 64, 65]**

FACTS

The government's recitation of facts speaks exclusively of Hydroworld, how, where and when it operated and mentions the seizures that have occurred. As this Court is aware from the currently pending motions and collateral litigation concerning the return of property, hundreds of thousands of pages of medical marihuana records have been seized. These records consist of patient files that include medical marihuana program applications and medical records of the applicants. The government refuses to return them.

The government's factual background also speaks of "business records that document Hydroworld's sale and distribution of marijuana." R. 65, PageID#354. The evidence will establish that this includes sign-in logs by patients and ledgers seized from Hydroworld locations.

ARGUMENT

The government argues that admission of the evidence or argument resulting from the evidence would be unfairly prejudicial, confusing and misleading to the jury, and a waste of the Court's time. " 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory

3

Committee's Notes on Fed. Rule Evid. 403, 28 U.S.C.App., p. 860. ***Old Chief v. United States***, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed2d 574 (1997). The doctrine of completeness allows a party who is prejudiced by his adversary's introduction of part of a "document, or a correspondence, or a conversation," to enter so much of the remainder as is necessary to explain or rebut a misleading impression caused by the "incomplete character" of that evidence. ***United States v. Costner***, 684 F.2d 370, 373 (6th Cir.1982) (quoting ***United States v. Littwin***, 338 F.2d 141, 145 (6th Cir.1964)). Rule 106 only "partially codified" the doctrine. ***Beech Aircraft Corp. v. Rainey***, 488 U.S. 153, 172, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988). Where examination by or presentation of evidence by an adverse party raises an unfair inference or accusation, the common-law doctrine of completeness still applies. ***Beech Aircraft Corp***., *supra*, at 451.

A.   Medical Necessity.

The government's speculation as to a necessity defense is unfounded and frivolous. Mr. Trevino (not speaking for the others) has not and is not claiming that he had a necessity to use, possess or sell marihuana. While the patients may have had a need for it, this is not a defense personal to him.

The government simply does not understand how Section 8 of the Medical Marihuana Act works and especially fails in its understanding of how it was interpreted during the time frames of the indictment. The government has already infused a plea agreement with conclusory statements by a co-defendant that Mr. Trevino was not in compliance with state law. It is simply ludicrous to believe that this trial can be conducted without reference to the Medical Marihuana Act. Because of the now 10-year history of the Medical Marihuana Act and frequent news stories concerning the re-classification of marihuana from Schedule 1, reversal of the "Holder Memo" by Attorney General Sessions, and upcoming ballot initiatives, there is no way the government will try to put

this case to a jury without at least inferring through its witnesses that the conduct at issue was non-complaint. This Court should not tolerate a one-side limitation on evidence.

Counsel for Defendant Trevino, this U.S. Attorney's Office and this very Court have travelled this identical path before in *United States v. Walsh (Jenkins)*, 654 Fed.Appx. 689 (6th Cir. 2016). Attachment 1. In *Walsh*, the Sixth Circuit held that this Court did not abuse its discretion in that case. There was no categorical exclusion of presenting to the jury state law compliance. The Sixth Circuit recognized the changing landscape of medical marihuana and the federal funding limitation raised in Mr. Trevino's Motion to Quash [R. 69]. The conduct in Walsh occurred before 2015 when the limitation first appeared. In this case, a major portion of the dates in the indictment fall squarely within the funding limitation.[1] In light of the developments since 2015 and the (at least) three year run of the funding limitation, the landscape has changed even more. Defendant Trevino asserts that to impose such limitations on him under the circumstances in the instant case would indeed be an abuse of discretion.

B. & C.    MMMA compliance or attorney advice.

Mr. Trevino is not aware of an attorney advising him that the structure of Hydroworld was lawful under federal law so this concern of the government is unfounded. As to whether Mr. Trevino thought his conduct was lawful under state law, the arguments above are incorporated into this issue as well. The government also ignores two aspects of Hydroworld's operations which were perfectly legal. First, Hydroworld's facilities assisted people in filling out the medical marihuana program in various ways which included checking the documents for completeness, arranging for a doctor to be present at certain times to complete the process, and at times actually

---

[1] According to the Sixth Circuit, the government obtained such an order in *Walsh* and no one followed it or objected to its violations. Id., 693-697.

sending in the documentation to the State of Michigan. For this service, a fee was charged. This did not involve the actual transfer of marihuana and no such requirement was part of the consideration exchanged. Second, Mr. Trevino knew the names of the patients that Hydroworld assisted and he knew persons who were caregivers or capable of being caregivers because of their ability to grow usable, medical quality marihuana. He charged a fee for the networking of these two groups of people. To the extent the government intends to use the seized ledgers, the cash seizures, or the thousands of patient files to show motive or intent, this evidence would be highly relevant and valuable in defense.

While not binding on this Court, the developments in California and the Ninth Circuit cannot be ignored. There is no reason to preclude a jury from also considering the DOJ's improper expenditure of federal funding. See *United States v. Pisarski*, 274 F.Supp.3d 1032 (N.D. Cal. 2017) and *United States v. McIntosh*, 833 F.3d 1163, 1172–73 (9th Cir. 2016).[2]

D.    Entrapment by estoppel.

In some cases, the police did inspect or encounter marihuana growing operations that were lawful and left them intact. Not so with Mr. Trevino because the police never missed an opportunity to seize his property including the actual marihuana, electronics, or cash. As this case develops, the Court will see that Mr. Trevino was highly critical of Michigan Attorney General Bill Schuette for his stance on medical marihuana and his efforts to stifle the voter initiative law of 2008. Additionally, Mr. Trevino used the patient files to create mailing lists for political flyers

---

[2] See also: In *United States v. Samp*, No. 16-CR-20263, 2017 WL 1164453 at *1 (E.D. Mich. Mar. 29, 2017) (Motion to Quash, Attach. 2, R. 69-1, PageID#452); *United States v. Bally*, No. 17-20135, 2017 WL 5625896 (E.D. Mich. Nov. 22, 2017) (hearing granted) (Motion to Quash, Attach. 3, PageID#460) and *United States v. Ragland*, No. 15-CR-20800, 2017 WL 2728796 at *1 (E.D. Mich. June 26, 2017) (hearing granted, the defendant did not prevail) (Motion to Quash, Attach. 4, PageID#466).

that related to legal issues (ballot proposals, proposed legislation, or local ordinances). The government seized these materials as well. A few state law enforcement officials came close to making such statements but, to Mr. Trevino's knowledge, no federal law enforcement officer made such a comment as to either state or federal law.

E.      Jury nullification.

It is interesting to note that the government is concerned about jury nullification at this early stage of the case as they well should be. As politically motivated and intellectually dishonest as this prosecution is, Mr. Trevino and his counsel will follow the Court's instructions and have complete confidence that the Court will steer any argument away from nullification with or without an order.

Surprisingly, the United States Supreme Court has not sanitized the criminal process from morality in spite of the precedent that addresses jury nullification. In discussing the ability of a criminal defendant to enter into stipulations to reduce the force of the government's evidence, the Court has said:

> The "fair and legitimate weight" of conventional evidence showing individual thoughts and acts amounting to a crime reflects the fact that making a case with testimony and tangible things not only satisfies the formal definition of an offense, but tells a colorful story with descriptive richness. Unlike an abstract premise, whose force depends on going precisely to a particular step in a course of reasoning, a piece of evidence may address any number of separate elements, striking hard just because it shows so much at once; the account of a shooting that establishes capacity and causation may tell just as much about the triggerman's motive and intent. Evidence thus has force beyond any linear scheme of reasoning, and as its pieces come together a narrative gains momentum, with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict. This persuasive power of the concrete and particular is often essential to the capacity of jurors to satisfy the obligations that the law places on them. Jury duty is usually unsought and sometimes resisted, and it may be as difficult for one juror suddenly to face the findings that can send another human being to prison, as it is for another to hold out conscientiously for acquittal. When a juror's duty does seem hard, the evidentiary account of what a defendant has thought and done can accomplish what no set of abstract statements ever could, not just to

prove a fact but to establish its human significance, and so to implicate the law's moral underpinnings and a juror's obligation to sit in judgment. Thus, the prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that *a guilty verdict would be morally reasonable* as much as to point to the discrete elements of a defendant's legal fault. Cf. *United States v. Gilliam*, 994 F.2d 97, 100–102 (CA2), cert. denied, 510 U.S. 927, 114 S.Ct. 335, 126 L.Ed.2d 280 (1993).
    **Old Chief**, *supra*, at 187-188 (emphasis added).

The government cannot maintain the high moral ground by bringing these charges in today's environment and excise the word "medical" from every phrase, exhibit and argument to be made while requiring Mr. Trevino to present his case with one hand tied behind his back. He is equally entitled to argue that a guilty verdict would be morally unreasonable.

## RELIEF REQUESTED

WHEREFORE, Defendant Trevino respectfully requests this Honorable Court deny the government's motion in limine [R. 64, 65].

| | |
|---|---|
| 10/22/2018 | */s/ J. Nicholas Bostic* |
| Date | J. Nicholas Bostic P40653 |
| | Attorney for Defendant Trevino (D-1) |

## **CERTIFICATE OF SERVICE**

J. Nicholas Bostic certifies and says that on the 22nd day of October, 2018, he served Defendant Trevino's (D-1) Response in Opposition to Government's Motion in Limine [R. 64, 65] on Joel Fauson, Attorney for Plaintiff and counsel for all co-Defendants by using the Court's electronic filing system which will automatically send notice to all counsel of record. I declare that the above statement is true to the best of my information, knowledge and belief.

| | |
|---|---|
| 10/22/2018 | */s/ J. Nicholas Bostic* |
| | J. Nicholas Bostic   P40653 |
| | Attorney for Defendant Trevino (D-1) |