UNITED STATES OF AMERICA

IN THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America,<br>　　　Plaintiff, | File No. 1:18-cr-166 |
| v. | Hon. Paul L. Maloney<br>U.S. District Court Judge |
| Daniel Dario Trevino (D-1),<br>　　　Defendant. | |

_____/

# BRIEF IN SUPPORT OF DEFENDANT DANIEL TREVINO'S (D-1) MOTION TO DISMISS FOR FIRST AMENDMENT AND FOURTEENTH AMENDMENT VIOLATIONS

Attachment 7 – Resolution of June 6, 2013 stop and December 4, 2012 vehicle seizure forfeitures



9/9/13

# STUART J. DUNNINGS III
## INGHAM COUNTY PROSECUTING ATTORNEY

303 West Kalamazoo Street, Lansing, Michigan 48933
Phone: (517) 483-6108  Fax: (517) 483-6397

September 9, 2013

**LISA McCORMICK**
Chief Assistant Prosecutor

D/Lt Robin Lynde
D/Sgt Quincy Scroggins
Tri-County Metro Narcotics Squad

**JOHN J. DEWANE**
Deputy Chief Assistant Prosecutor

Re: **REJECTION OF FORFEITED PROPERTY**
**Claimant Danny Trevino**
**TCM 112-13**

Robin and Quincy:

This letter is to give notice to the Tri County Narcotics Squad of the rejection of seizure of the $9,137.00 in U.S. Currency seized from Danny Trevino on June 6, 2013, as part of the investigation of TCM 112-13. The rejection of the forfeiture action is based on the following:

A) The police report does not show sufficient basis for forfeiture under the Controlled Substances Act. Although Claimant was found in possession of controlled substances, this possession was lawful under the Michigan Medical Marijuana Act. Additionally, insufficient evidence was presented to suggest that the currency found was proceeds of controlled substances violations. Forfeiture cannot be based upon possession of controlled substances alone.

B) The time period in which to file a Complaint on this case has passed.

Therefore, the $9,137.00 is to be returned to Claimant Danny Trevino, at 700 W. Barnes, Lansing, MI 48910, 517-999-3012 according to the policies and procedures of the Tri-County Metro Narcotics Squad. The bond of $913.00 posted on August 26, 2013, in regard to this matter is to be returned to Claimant Danny Trevino, at 700 W. Barnes, Lansing, MI 48910, 517-999-3012

Thank you for your attention to this matter.

Sincerely,

Stuart J. Dunnings, III
Ingham County Prosecuting Attorney

cc: File

| STATE OF MICHIGAN<br>64-A JUDICIAL DISTRICT | ORDER REGARDING<br>IMPOUNDMENT OF MOTOR VEHICLE OR<br>SEIZURE OF MOTORCYCLE | CASE NO.<br>15-0984-GZ |

**Court address**
101 W. Main St., Ionia, MI 48846

**Court telephone no.**
(616) 527-5350

**Petitioner's name, address, and telephone no.**
Eloy Omar Sanchez

v

**Respondent's name, address, and telephone no.**
Reed and Hoppes, Inc.
2661 E. Grand River Ave.
Portland, MI

NOTE: The petitioner must be the owner of the vehicle.

**Vehicle year and make**
2002 Ford

**Vehicle identification number**
1FMZU72EO2ZB69202

**License year, number, and state**

**Vehicle custodian's name and address**

**THE COURT FINDS:**

1. The vehicle described above was taken into custody on 11/04/2012 by Reed & Hoppes, Inc.

2. The police agency ☐ did ☐ did not comply with the procedures established for the processing of an abandoned vehicle or a vehicle removed under MCL 257.252a, 257.252b, or 257.252d.

3. ☐ The vehicle has been held more than 30 calendar days after the date of the seizure. No other law supports the continued holding of this motorcycle.

4. ☐ A private property owner requested removal of the vehicle and ☐ did ☐ did not comply with the provisions of MCL 257.252k or 257.252l.

5. The towing agency ☐ did ☒ did not comply with the procedures established for the proper removal and reporting of an abandoned vehicle removed under MCL 257.252a(1), 257.252d, or 257.252g.

6. Towing and daily storage fees are ☐ reasonable. ☒ unreasonable and should be refunded or reduced.

7. The petitioner provided proof of ownership of the vehicle.

**IT IS ORDERED:**

\* By Default

8. ☐ No refund of charges shall be made. The vehicle shall be redeemed within 20 days from the date of this order. If not redeemed it may be disposed of by the police agency according to law. The abandoned vehicle fee, if applicable, shall be distributed according to law.

9. ☐ The vehicle shall be immediately released to the owner and the police agency shall be responsible for all accrued charges. Any bond or abandoned vehicle fee shall be refunded.

10. ☐ The motorcycle shall be immediately released to the owner and the police agency shall pay to owner $ _____ for damages, costs, and attorney fees.

11. ☒ The towing and storage charges and ☐ all accrued charges ☒ the sum of $ 765 shall be refunded by the towing/storage agency. The abandoned vehicle fee, if applicable, shall be refunded.

Date: 7-15-15

Judge: Raymond P. Voet 40823

**CERTIFICATE OF MAILING**

I certify that on this date I served a copy of this order on the parties and towing agency by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3).

Date _____ Judge/Clerk _____

MCL 257.230a, MCL 257.252a, MCL 257.252b, MCL 257.252f, MCL 257.606, MCL 257.673, MCL 257.742

DC 91 (3/10) ORDER REGARDING IMPOUNDMENT OF MOTOR VEHICLE OR SEIZURE OF MOTORCYCLE

**TRUE COPY**