UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                               No. 1:18-CR-00166

vs.

DANIEL DARIO TREVINO,                 HON. PAUL L. MALONEY
                                                         United States District Judge
        Defendant.
_____/

## GOVERNMENT'S OPPOSITION TO MOTION TO WITHDRAW

Days before the final pre-trial conference in this matter that was originally indicted on July 25, 2018—and less than two weeks before the jury trial is scheduled to commence—the Defendant seeks to terminate his longstanding retained counsel, who subsequently filed a motion to withdraw as his attorney (R.206: Mot. to Withdraw, PageID.1757). The United States opposes this untimely motion, and respectfully asks the Court to deny it in the interest of prompt and efficient administration of justice. *See, e.g., United States v. Ealy*, 682 F. App'x 432, 435 (6th Cir. Mar. 15, 2017) (affirming the district court's denial of defendant's motion to substitute counsel the day before trial, after multiple prior substitutions, and vague criticisms of counsel that the court found "meritless").

I.    **Legal Standard**

Defense counsel is correct: under the Sixth Amendment, the Defendant is entitled to "a fair opportunity to secure counsel of his own choice." *Wilson v. Mintzes*, 761 F.2d 275, 278 (6th Cir. 1985) (citations omitted). But he has been afforded that

1

fair opportunity, and this "right to counsel of choice may not be used to unreasonably delay trial…" *Linton v. Perini*, 656 F.2d 207, 209 (6th Cir. 1981), *cert. denied*, 454 U.S. 1162 (1982). Nonetheless, if the request for a continuance is reasonable or good cause is shown, the court "must be sensitive to the defendant's right to counsel of his choice, as well as the public's interest in prompt and efficient administration of justice." *Id.* On appeal, the Sixth Circuit will review this court's ruling for an abuse of discretion, and consider: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the matter; (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense; and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice. *Ealy*, 682 F. App'x at 435 (quoting *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001)).

## II.   Analysis

First, the motion to withdraw is untimely because it was filed thirteen days prior to the start of trial, and just five days prior to the final pre-trial conference. Defense counsel has represented the Defendant for the entirety of this case since he entered his appearance over a year ago on July 30, 2018. In fact, Defense counsel even represented the Defendant prior to indictment in sealed proceedings initiated by the Defendant on March 7, 2017 in this district. *See* Petition for Return of Property and Miscellaneous Relief filed in Nos. 1:16-MJ-120, 1:16-MJ-122, 1:16-MJ-123. The Sixth Circuit has affirmed denials of untimely motions to withdraw or substitute counsel in cases where the motion was filed a month and a half prior to trial, *United*

*States v.* Chambers, 441 F.3d 438, 447 (6th Cir. 2006), two weeks prior to trial, *United States v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999), the day before trial, *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996), and mid-trial, *United States v. Castro*, 908 F.2d 85, 88-89 (6th Cir. 1990) (six days into trial); *United States v. Sullivan*, 431 F.3d 976, 980 (6th Cir. 2005) (five days into trial). Under this standard and the posture of this case, the court is well within its discretion to determine that the motion is untimely.

Second, the extent of the conflict between the Defendant and counsel is not so great that it has resulted in a total lack of communication, preventing an adequate defense. Rather, it only appears that the defendant is unhappy with the outcomes in this case thus far, "due to the loss of all the pre-trial motions…" (R.206, PageID.1758.) This is not a valid basis to substitute or withdraw as counsel. *See Jennings*, 83 F.3d at 148 (holding that although communication with counsel "fell short of defendant's expectations" it did not result in an inadequate defense). The court's pre-trial rulings against the defendant's positions do not equate to a true break down in communications with counsel. The rulings instead reflect the reality that the defendant's positions in the motions were simply not supported by the facts and the law. Defense counsel filed seven motions to suppress evidence, one motion for a bill of particulars, one motion to quash the indictment, one motion to dismiss the indictment, and even a pre-indictment petition for return of seized property, which shows that defense counsel has mounted a tenacious defense on behalf of his client. (*Id.*, PageID.1758-1759.) The Defendant's dissatisfaction or disagreement with the

3

federal laws that criminalize his manufacturing and distribution of marijuana over the better part of the last decade should not be confused with his ability to communicate with counsel who can adequately defend him at trial. *See, e.g.*, *Williams*, 176 F.3d at 314 (affirming the district court's finding that communication had not "truly broken down, only that there was some lack of understanding or lack of confidence," and it was not an abuse of discretion after considering "the attorney's background, experience, and work on the case to date..."). There has been no total break down or lack of communication, and there is nothing preventing current counsel from mounting an adequate defense at trial; in fact, counsel is well positioned to do so, given his familiarity with the facts and background of this case.

Lastly, the public's interest in the prompt and efficient administration of justice weighs in favor of denying the motion. The trial date has already been continued twice in this matter, which has now been pending for over a year. Trial subpoenas have been issued and served on witnesses all over the United States, and one witness as far away as India. These witnesses are making travel plans in accordance with the August 20 trial date. As defense counsel notes, new counsel would need "adequate time to prepare" for a trial involving voluminous evidence that spans years and various locations around the state, which would undoubtedly require another significant continuance. In short, the "defendant has no right to substitute counsel for the purpose of delaying or manipulating his trial." *Castro*, 908 F.2d 88-89. That is the case here, and the motion should be denied.

## III.   Conclusion

The United States respectfully requests that the Court deny the motion to withdraw as attorney and start trial on August 20, 2019 as planned.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated:   August 9, 2019

*/s/ Daniel McGraw*
JOEL FAUSON
DANIEL McGRAW
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, Michigan 49501
(616) 456-2404

5